# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-CR-0171-004-CVE |
| ) | |
| DOMINGO FRANCISCO AGUIRRE-DIAZ, ) | |
| a/k/a Domingo Francisco Aguirre Diaz, ) | |
| previously named as Domingo Aguirre, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Defendant Domingo Francisco Aguirre-Diaz's Objections to Orders of the United States Magistrate Judge Imposing Protective Order (Dkt. # 124). Plaintiff filed a motion for protective order (Dkt. # 93) and the motion was referred to a magistrate judge for a ruling. Dkt. # 95. The magistrate judge granted plaintiff's motion and entered a protective order (Dkt. # 123), and defendant Domingo Francisco Aguirre-Diaz objects to the magistrate judge's ruling. Dkt. # 124.

On August 8, 2018, a grand jury returned a 36 count indictment against 10 defendants alleging various crimes associated with the operation of a drug trafficking organization. Aguirre-Diaz was charged with a single count of participating in a conspiracy to launder the proceeds of illegal drug trafficking. Dkt. # 2, at 2-3. The indictment alleges that the drug trafficking organization engaged in the distribution of methamphetamine beginning in approximately April 2018, and the scope of the conspiracy involved at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine. Id. at 6. Defendant was arrested and made

his initial appearance on August 15, 2018, and a magistrate judge released defendant subject to certain conditions pending trial. Dkt. ## 41, 82. Plaintiff appealed the magistrate judge's decision and the undersigned determined that defendant should be detained pending trial. Dkt. # 104.

Counsel for several of the defendants began to request discovery materials from plaintiff, and plaintiff intended to produce a broad range of discovery materials to defense counsel. Dkt. # 93, at 2. These materials included witness statements, grand jury transcripts, recordings of phone calls, and law enforcement reports. Id. at 3. However, plaintiff believed that it was necessary for discovery to be produced subject to a protective order, because the discovery materials could be used to impede an ongoing investigation and to identify confidential informants. Id. at 4. Plaintiff sought a protective order requiring that defendants shall:

- a. not disseminate the transcripts and other investigative materials provided pursuant to discovery for any purpose other than to those individuals identified in subparagraph c;

- b. return the transcripts and other investigative materials provided pursuant to discovery to the United States Attorney's Office as soon as reasonably possible after the conclusion of the trial or any subsequent appeal in this matter;

- c. not show the transcripts and other investigative materials provided pursuant to discovery to anyone with the exception of the Defendant, Defendant's attorney of record in this case and those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial in this case; and

- d. not reproduce the documents, transcripts and other investigative materials for dissemination to any persons or parties other than those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial in this case, including the Defendant, and shall maintain complete custody and control over them, including all copies.

Id. at 4-5. Carter, Passement, Arrellano, and Herrera filed responses in support of the motion for protective order, but Peregrina-Paez and Aguirre-Diaz objected to the motion. Dkt. ## 103, 105, 106, 109, 117. The motion for protective order was referred to a magistrate judge, and the magistrate judge set the motion for hearing. The magistrate judge permitted plaintiff to make an in camera submission in support of the motion for protective order. Dkt. # 120.

The magistrate judge granted plaintiff's motion for protective order without holding a hearing. Dkt. # 122. He noted that a criminal defendant has no constitutional right to pretrial discovery, and the government was voluntarily providing discovery to avoid unnecessary delay at trial. Id. at 3. The magistrate judge cited Fed. R. Crim. P. 16(d), which provides that a court "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief," and he observed that "good cause" ordinarily requires a particularized and specific showing of harm. Id. However, this case involves thousands of documents and it would not be practical to require plaintiff to make such a specific showing of harm. Id. He provided the following summary of plaintiff's argument concerning the need for a protective order:

> The government contends that discovery in this case will be voluminous, and will include: Grand Jury and Title III wiretap transcripts, "third-party privacy-protected information too difficult or time consuming to redact," and material from confidential informants - some of whom are in custody, while others are not. Allowing defendants to take certain documents back to the cell-block, for example, would pose a danger to cooperating witnesses and informants. Thus, safety of witnesses is a primary concern. Furthermore, the Government states, the investigation of this international drug trafficking conspiracy is on-going and some of the co-defendants remain at-large. Thus, putting certain documents and transcripts in the hands of defendants and others would endanger an on-going investigation.

Id. at 4. The magistrate judge agreed that these were legitimate concerns in this case and found that a protective order should be issued. He advised the parties that any defendant who objected to the

protective order should confer with plaintiff's counsel before seeking redress from the Court, and "[o]nly after such effort has proved fruitless, may defendant petition the Court seeking specific modifications of the [p]rotective [o]rder." Id. at 5.

Defendant objects to the magistrate judge's order (Dkt. # 122) granting plaintiff's motion for a protective order. However, defendant's counsel has not certified in writing that he conferred with plaintiff's counsel in an attempt to resolve his objections to the protective order, and the magistrate judge made this a necessary condition before any party could petition the Court for a modification of the protective order. This is also a requirement of the local criminal rules. LCrR 16.1 states that the Court shall not hear any discovery motion in a criminal case "unless counsel for the moving party certifies in writing to the Court that the attorneys for the parties have conferred in good faith and have been unable to resolve the dispute." Defendant's counsel has made no such record and his objection to the protective order could be summarily denied.

Even though defense counsel did not comply with the magistrate judge's order (Dkt. # 122) or LCrR 16.1, the Court will briefly consider his objections to the protective order. The magistrate judge's ruling on a pretrial discovery matter is not dispositive of the case and is entitled to deferential review. Federal magistrate judges may hear and determine any pretrial matter that is not dispositive of the case and must enter a "written order setting forth the disposition of the matter." 28 U.S.C. § 636(b)(1); Phillips v. Beierwaltes, 466 F.3d 1217, 1222 (10th Cir. 2006). An order of the magistrate judge on a pretrial matter that is not dispositive shall be set aside or modified only if the order is found to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). Under this standard, the district court should affirm the magistrate judge's order "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Allen v. Sybase, Inc., 468 F.3d

4

642, 658 (10th Cir. 2006) (quoting Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988)).

Defendant asserts that the magistrate judge erred by finding that good cause existed to support the issuance of a protective order. The Court has reviewed plaintiff's motion for protective order (Dkt. # 93) and in camera submission (Dkt. # 130), and finds that plaintiff has established good cause for the protective order entered by the magistrate judge. Plaintiff states that its investigation into the drug trafficking organization is ongoing and some of the defendants and confidential informants are not in custody. Plaintiff has become aware of threats of violence to witnesses, and there is a substantial risk of witness intimidation and the destruction of evidence. These more general arguments in support of a protective order are strongly supported by the more specific evidence provided in plaintiff's in camera filing (Dkt. # 130), and the limitations on the dissemination of discovery materials are justified by the need to prevent interference with an ongoing investigation. Defendant complains that he was not given a fair opportunity to challenge plaintiff's motion for protective order because plaintiff relied on sealed or in camera submissions in support of its motion. Dkt. # 124, at 7-8. Plaintiff has offered sound reasons for submitting certain materials for in camera review, and defendant has not been deprived an opportunity to make arguments in opposition to the motion for protective order.

Defendant argues that Rule 16 does not authorize the discovery of witness statements, other than statements made by the defendant, and he claims that a protective order issued under Rule 16(d) cannot limit a defendant's use of witness statements produced in pretrial discovery. Dkt. # 124. Defendant is technically correct that witness statements do not have to be produced as part of the discovery authorized under Rule 16. United States v. Lujan, 530 F. Supp. 2d 1224, 1234 (D.N.M.

5

2008); United States v. Penix, 516 F. Supp. 248, 257 (W.D. Okla. 1981). Instead, the disclosure of witness statements is governed by the Jencks Act, 18 U.S.C. § 3500. Under the Jencks Act, plaintiff is not obligated to produce any statement of a prospective witness until that person has actually testified on direct examination at trial. 18 U.S.C. § 3500(a). In this case, plaintiff has voluntarily agreed to produce discovery containing witness statements at an earlier date to expedite the proceedings, and it is unclear why defense counsel is objecting to plaintiff's decision to provide more discovery than is required under federal law. In any event, Rule 16(d) grants this Court the authority to regulate all "discovery," and federal courts have broad inherent authority to expand or limit discovery in a criminal case. United States v. W.R. Grace, 526 F.3d 499, 510-11 (9th Cir. 2008) (federal district court have broad authority to order discovery not specifically required under Rule 16 or to impose additional limitations on discovery). The Court finds that the magistrate judge had the authority to place limits on the dissemination of discovery materials containing witness and the restrictions imposed are reasonable.

Finally, defendant argues that limitations on his right to maintain possession of discovery materials outside the presence of counsel violates his constitutional rights. Defendant's argument is based on United States v. Carmichael, 326 F. Supp. 2d 1267 (M.D. Ala. 2004), in which the government asked a federal district court to order a defendant to take down a website that was allegedly being used to threaten or harass witnesses. Defendant relies on Carmichael for the proposition that limitations in a protective order can constitute a prior restraint on speech in violation of the First Amendment. Dkt. # 124, at 11. The protective order in this case in no way limits defendant's ability to communicate with his attorney or gather evidence in support of his defense as was at issue in Carmichael. Defendant is permitted to review any document and discuss any matter

with his attorney, and the protective order simply limits his ability to maintain copies of documents in pretrial custody. Plaintiff has established that there is a substantial risk of interfering with an ongoing investigation and of placing witnesses in jeopardy if defendants are permitted to keep copies of documents, and the protective order appropriately balances these interests against the defendant's right to defend himself against the charges alleged in the indictment. Defendant has not shown that the protective order infringes on any of his constitutional rights, and his objection to the protective order is overruled in its entirety.

**IT IS THEREFORE ORDERED** that Defendant Domingo Francisco Aguirre-Diaz's Objections to Orders of the United States Magistrate Judge Imposing Protective Order (Dkt. # 124) is **denied**.

**DATED** this 15th day of February, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE